UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| HENRY D. KANE, | ) | |
| | ) | |
|       PLAINTIFF | ) | |
| | ) | |
| v. | ) | CIVIL NO. 10-123-P-H |
| | ) | |
| VSI METER SERVICES, INC., | ) | |
| | ) | |
|       DEFENDANT | ) | |

**ORDER ON MOTIONS TO DISMISS, AMEND, AND
FOR ATTACHMENT AND TRUSTEE PROCESS**

In this case removed from state court, the plaintiff complains that the employer terminated his employment because he suffered a heart attack while he was on unpaid leave over the Christmas holidays. Compl. ¶ 20 (Ex. 1 to Notice of Removal (Docket Item 1)) (Docket Item 1-2). He says that upon learning of his heart attack, the employer terminated him retroactively to his last day on the job preceding the unpaid leave. Id. ¶¶ 14-15. He has not tried to plead a cause of action under the Americans with Disabilities Act ("ADA"), which requires that an impairment "substantially limit[ ] one or more major life activities." 42 U.S.C. § 12102(1)(A).[1] Instead, he has made his claim under only the Maine Human Rights Act, Compl. ¶ 20, which has no such

---

[1] The plaintiff's claim relates to events that occurred in 2007 and 2008 and therefore does not implicate the ADA Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110-325, 122 Stat. 3553 (2008), which although changing how employers and courts evaluate ADA claims, did not go into effect until January 1, 2009, id. § 8, and are not retroactive, see, e.g., Kiesewetter v. Caterpillar, Inc., 295 F. App'x 850, 851 (7th Cir. 2008); Verhoff v. Time Warner Cable, Inc., 299 F. App'x 488 (6th Cir. 2008).

requirement for his particular disability, see 5 M.R.S.A. § 4553-A(1)(B) (2007).[2] He does not seek reinstatement to his job or back pay. Instead, his claim is limited to his medical bills and expenses, emotional distress damages, punitive damages, and attorney fees and costs, all arising out of the assertion that the employer backdated his termination so that the employer's medical plan would not cover his medical procedures. Compl. at 4 (Prayer for Relief). The employer has moved to dismiss the case on grounds of federal preemption. Def.'s Mot. to Dismiss at 1 (Docket Item 2). I **GRANT** the motion.

The Employee Retirement Income Security Act ("ERISA") has a clear preemption clause: ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). But the statute also provides that it is not to "be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States." 29 U.S.C. § 1144(d). Thus, where state fair employment laws are the same as federal laws and play a role in enforcing federal anti-discrimination laws, they are not preempted. Shaw v. Delta Air Lines, 463 U.S. 85, 101 (1983). But the Supreme Court has also recognized that some state fair employment laws prohibit conduct that is not illegal under federal law, and those laws are not exempted from the preemption clause. Id. at 103. That is the case here.

---

[2] The Maine Human Rights Act defines "disability" to include "physical or mental impairment[s]" that "substantially limit[] one or more of a person's major life activities." 5 M.R.S.A. § 4553-A(1)(A)(1) (2007); see also Rooney v. Sprague Energy Corp., 519 F. Supp. 2d 131, 132 (D. Me. 2007) (discussing the 2007 amendment of the definition of "disability" under the Maine Human Rights Act). Here, the plaintiff has alleged that he is disabled due to heart disease. Compl. ¶ 2 (Ex. 1 to Notice of Removal (Docket Item 1)) (Docket Item 1-2). Maine law considers heart disease to be a disability "[w]ithout regard to severity." 5 M.R.S.A. § 4553-A(1)(B) (2007).

Maine's disability discrimination prohibition pertaining to heart disease is broader than the federal law, because it does not require that an impairment substantially limit one or more major life activities.  Since there is no violation of federal law, the ERISA preemption clause applies.  Tompkins v. United Healthcare of New Eng., Inc., 203 F.3d 90, 97 (1st Cir. 2000).

I turn therefore to the scope of the ERISA preemption provision.  In Fitzgerald v. Codex Corporation., 882 F.2d 586 (1st Cir. 1989), the First Circuit held that a claim like this one is preempted.  In Fitzgerald, the claim was that the employer terminated the employee to avoid having to pay health benefits to his former wife.  882 F.2d at 588.  The First Circuit held that claim of wrongful motivation (terminating the employee so as to avoid an ERISA plan payment) was preempted by ERISA.  Id.  Fitzgerald applies here.

The plaintiff has requested leave to amend if I grant the motion to dismiss, so that he may assert a claim under ERISA's anti-discrimination provision, 29 U.S.C. § 1140.  Pl.'s Resp. to Def.'s Mot. to Dismiss at 6 (Docket Item 11).  ERISA provides that it is unlawful to discharge someone "for the purpose of interfering with the attainment of any right to which any such participant may become entitled under the plan . . . ."  29 U.S.C. § 1140.  The employer, however, argues that the proposed amendment is futile because the plaintiff has not pleaded the required exhaustion of ERISA remedies.  Def.'s Reply to Pl.'s Resp. to Mot. to Dismiss at 4 (Docket Item 13).  In fact, the plaintiff has pleaded nothing under ERISA, but has simply requested leave to amend.  I **GRANT** leave to amend, provided that the plaintiff files an amended

3

complaint by June 1, 2010.  I have no basis to determine at this time whether he can assert whatever exhaustion is necessary.

Given the dismissal, the Motion for Approval of Attachment and Trustee Process (Docket Item 3) is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

**DATED THIS 15TH DAY OF MAY, 2010**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**