UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| HENRY D. KANE, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil No. 10-123-P-H |
| ) | |
| VSI METER SERVICES, INC., ) | |
| ) | |
| Defendant ) | |

**DECISION AND ORDER ON DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT**

The defendant's motion for summary judgment is **Granted**.

On the ERISA claim, the plaintiff claimed in the amended complaint that "Plaintiff lost his right to benefits under the Plan because of VSI's decisions to separate him from employment and to backdate the effective date of the separation to a date before the heart attack." Am. Compl. ¶ 25 (Docket Item 17). But it is undisputed that the Health Benefit and Premium Plan states that an individual becomes ineligible for benefits on the date s/he begins an unpaid leave. Pl.'s Opp'n to Def.'s Mot. for Summ. J. at 2 (Docket Item 30) (citing Def.'s Statement of Material Facts ("SMF") ¶ 14 (Docket Item 25)). It is also undisputed that the plaintiff's last day of work before his unpaid vacation was December 21, 2007, and that he suffered a massive heart attack on December 26, 2007 and underwent quadruple bypass surgery the next day. Def.'s SMF ¶¶ 9-11; Pl.'s Resp. ¶¶ 9-11 (Docket Item 31). Although he was not warned of the consequences of becoming ill while on unpaid vacation, see Pl.'s

Statement of Additional Material Facts ¶ 2, the Plan says what it says. Therefore, the fact that the employer terminated him retroactively to his last day of work did not adversely affect his rights under the Plan.[1] His coverage ended December 21, 2007 whether or not the employer terminated him. Whatever other criticisms might be leveled at the employer, these actions did not cause his loss of benefits as he claimed in Count 1. I therefore do not address whether exhaustion of administrative remedies was required.

On the Americans with Disabilities Act discrimination claim, I previously allowed the plaintiff to amend his complaint to plead this federal claim. But he pleaded the claim only under 42 U.S.C. § 12102(1)(A). Am. Compl. ¶ 30. That is the section that deals with actual disability. Discovery closed on December 9, 2010, and the defendant filed its summary judgment motion on December 30, 2010. Scheduling Order at 2 (Docket Item 23); Def.'s Mot. for Summ. J. at 17 (Docket Item 24). In that motion, it argued that in order to fit the definition of "disabled," the plaintiff must demonstrate that his heart disease was a physical impairment that substantially limited the major life activity of working, that this element required that the impairment have a *permanent or long-term impact* on his ability to work, and that in fact after his heart attack and surgery of December 26 and 27, 2007, he was able to return to work light duty by February 4, 2008, and full-time without restriction by February 15, 2008, *i.e.*, 6-7 weeks. Def.'s Mot. for Summ. J. at 5-8. In

---

[1] The employer says that it did so in order that he could qualify for COBRA coverage of his surgery. Def.'s Mot. for Summ. J. at 3 (Docket Item 24). On summary judgment, I do not credit that assertion.

2

responding to this aspect of the motion, the plaintiff did not contest those assertions but shifted to a new theory, that the employer "regarded" him as having such an impairment at the time it acted in December, a claim under § 12102(1)(C). Pl.'s Opp'n to Def.'s Mot. for Summ. J. at 4-5. It is too late to inject this new claim into the lawsuit after discovery has closed, and it would be unfair to the defendant to do so, because there was no reason for the defendant to prepare the discovery record and its legal argument on such an issue.

Accordingly summary judgment is **GRANTED** to the defendant on both counts of the Amended Complaint.

**SO ORDERED.**

**DATED THIS 7TH DAY OF FEBRUARY, 2011**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**